UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Marco ASTORGA-Vasquez,<br><br>    Defendant | Magistrate Docket No.<br><br>'07 MJ 2813<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **December 3, 2007** within the Southern District of California, defendant, **Marco ASTORGA-Vasquez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **5th** DAY OF **DECEMBER 2007**

Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Marco ASTORGA-Vasquez

## PROBABLE CAUSE STATEMENT

On December 3, 2007, at approximately 7:00 p.m., Border Patrol Dispatch notified Agents via bureau radio that a seismic intrusion device had activated in an area know as 1445. This area is located approximately three miles east of the Otay Mesa, California Port of Entry and approximately one mile north of the United States/Mexico international boundary. Border Patrol Agent G. Perez responded to this area and observed eight individuals run downhill into a canyon. Agent Perez pursued the individuals and after a lengthy search was able to find four of the individuals hiding in high brush. Agent Perez approached the individuals and identified himself as a United States Border Patrol Agent and questioned them as to their country of citizenship. All individuals, including one later identified as the defendant **Marco ASTORGA-Vasquez** admitted to being citizens of Mexico without any immigration documents allowing them to enter or remain in the United States legally. The four individuals were placed under arrest and transported to the Chula Vista Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on March 24, 2006** through **Calexico, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his rights as per the Miranda Warning. The defendant understood his rights and agreed to be interviewed without representation. The defendant admitted to entering the United States illegally. The defendant entered illegally by climbing over the border fence and walking north through the Otay Mountains thus, avoiding inspection by immigration officers. The defendant intended to travel to Los Angeles, California to seek employment and reside with family members.